UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORWOOD WITHERSPOON,

        Petitioner,             Case Number: 2:16-CV-13736
                                                HON. GEORGE CARAM STEEH

v.

MARK MCCULLICK,

        Respondent.
                                          /

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO HOLD IN ABEYANCE AND STAY PROCEEDINGS AND
DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE**

**I.  INTRODUCTION**

Michigan state prisoner Norwood Witherspoon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights.  Witherspoon challenges his convictions for first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b); and armed robbery, MICH. COMP. LAWS § 750.529.  The matter is currently before the Court on Witherspoon's motion to hold these proceedings in abeyance so that he can exhaust several unexhausted claims in the state courts.  The Court denies Witherspoon's motion and

instead dismisses the habeas petition without prejudice. The Court also denies a certificate of appealability.

## PROCEDURAL HISTORY

Witherspoon was convicted by a jury in Wayne County Circuit Court of first-degree felony murder and armed robbery. On June 28, 2013, he was sentenced to life imprisonment for the first-degree murder conviction, and to 60 to 80 years' imprisonment for the armed robbery conviction.

Witherspoon filed an appeal of right with the Michigan Court of Appeals raising these claims: (i) prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to supply Witherspoon with a witness's prior tesimony; (ii) speedy trial violation; (iii) trial counsel was ineffective for failing to object to testimony regarding Witherspoon's parole statues; (iv) prosecutor improperly appealed to jury's sympathies by referencing the victim's family; (v) great weight of the evidence did not support conviction; and (vi) prejudicial photographs of victim improperly admitted. The Michigan Court of Appeals affirmed Witherspoon's convictions. *People v. Witherspoon,* No. 317382, 2014 WL 7214102 (Mich. Ct. App. Dec. 18, 2014). Witherspoon filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of

Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Witherspoon*, 498 Mich. 948 (Mich. Dec. 22, 2015).

Witherspoon then filed the pending habeas corpus petition. At the same time he filed the habeas petition, Witherspoon filed a Motion to Stay Proceedings and Hold Petition for Habeas Corpus in Abeyance.

## II. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See*

*Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987).  The burden is on the petitioner to prove exhaustion.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Witherspoon states that he would like to raise additional, unexhausted claims in state court before raising them in his habeas petition.  Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon Witherspoon's additional claims before he can present those claims to this Court.  Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254.  Furthermore, the state court proceedings may result in the reversal of Witherspoon's convictions, thereby mooting the federal questions presented.  *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT,

2000 WL 654916 (E.D. Mich. April 13, 2000).  Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  See *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless."  *Id*. at 277.

Witherspoon has not shown the need for a stay.  Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not.  The one-year period does not begin to run until 90 days after the conclusion of direct appeal.  *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires).  The Michigan Supreme Court denied leave to appeal on December 22, 2015, and the time for seeking a writ of certiorari

with the United States Supreme Court expired 90 days later – on March 21, 2016.  Witherspoon filed his federal habeas petition on October 6, 2016.  Thus, approximately five months of the one-year period remained when he filed the petition.  While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), the time may be equitably tolled.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Witherspoon has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Thus, even assuming that Witherspoon has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, he has not shown the need for a stay.  Lastly, his unexhausted claims concern

matters of federal law which do not appear to be "plainly meritless." The state courts should be given a fair opportunity to rule upon those claims. Given the foregoing circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III.  CONCLUSION

Accordingly, the Court **DENIES** Petitioner's Motion to Hold Habeas Petition In Abeyance and Stay Proceedings and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  If Petitioner wishes to proceed on the claims contained in the petition and abandon his unexhausted claims, he may move to reopen these proceedings within thirty days from the date of the Order.

Before Witherspoon may appeal the Court's decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's ruling. Accordingly, the Court **DENIES** a certificate of appealability. This case is closed.

SO ORDERED.

Dated: December 7, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 7, 2016, by electronic and/or ordinary mail and also on Norwood Witherspoon #484291, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk